**SIGNED THIS: July 14, 2005**

_____
**THOMAS L. PERKINS
UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ) | |
| JOEY R. TERRONEZ and ) | |
| DEBORAH A. TERRONEZ, ) | No. 05-80899 |
| Debtors. ) | |

**O P I N I O N**

Before the Court is the objection by the Chapter 7 Trustee, Richard E. Barber (TRUSTEE), to the amended claim of exemption by Joey R. Terronez (JOEY), one of the Debtors (DEBTORS) in this case, in accrued wages which were received after the bankruptcy was filed. A hearing was held on May 5, 2005. The matter was taken under advisement and the parties have filed briefs in support of their positions.

The DEBTORS filed a Chapter 7 petition on March 2, 2005. At the time of the filing of the petition, the DEBTORS scheduled accrued wages owing to JOEY of $1,472.21. JOEY claimed an exemption of $1,251.38 under 735 ILCS 5/12-803, representing eighty-five percent of the wages owed and claimed the balance of $220.83 as exempt under the wildcard exemption. The TRUSTEE objected to the DEBTORS' claim of exemptions.

Subsequent to the hearing on the TRUSTEE'S objection, the DEBTORS filed an amended Schedule C, reducing the amount of the exemption under 735 ILCS 5/12–803 to $562.21 and increasing the amount of accrued wages claimed under the wildcard to $910.00. The TRUSTEE has not objected to the amended claim of exemption.

On June 28, 2005, this Court issued its decision in *In re Edward R. Thum,* 2005 WL 1528705 (Bankr.C.D.Ill., June 28, 2005), holding that a debtor may not claim an exemption in accrued wages under 735 ILCS 5/12-803, because that statutory provision does not create a general exemption, following *Wienco, Inc. v. Scene Three, Inc.,* 29 F.3d 329 (7th Cir. 1994). That ruling applies to JOEY'S claim of exemption in accrued wages and is dispositive here.[1] JOEY'S claim of exemption under 735 ILCS 5/12-803 will be denied. His right to claim an exemption in that property is allowable only to the extent permitted under the wildcard exemption. Based on the value of other property claimed as exempt under that provision, JOEY'S claim of $910.00 in accrued wages under the wildcard exemption is appropriate. His claim of exemption in wages in the amount of $562.21 under 735 ILCS 5/12-803 will be denied.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

Copies to:
Joel A. Deutsch, Attorney for Debtor, 1825 3rd Avenue, Rock Island, IL 61201
Richard E. Barber, Chapter 7 Trustee, 250 E. Main St., #318, Galesburg, IL 61401
U.S. Trustee, 401 Main Street, Suite 1100, Peoria, IL 61602

# # #

---

[1] This same issue was raised in several cases which were pending before the Court at the same time. Although the cases were not procedurally consolidated, prior to reaching its decision in *Thum,* this Court carefully considered all of the arguments made by the parties in each case. Any argument that 735 ILCS 5/12-803 creates a general exemption in nongarnishable wages is foreclosed by the Seventh Circuit's decision in *Wienco.*